J-S43006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CURTIS LEE MAHNKE | : | |
| | : | |
| Appellant | : | No. 394 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 22, 2019
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000740-2018

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:   **FILED: SEPTEMBER 20, 2019**

Appellant, Curtis Lee Mahnke, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his negotiated guilty plea to two counts of simple assault.[1]  We affirm.

In its opinion, the trial court correctly set forth the relevant facts and most of the procedural history of this case.  Therefore, we have no need to restate them.  We add that on March 7, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant timely complied on March 25, 2019.

Appellant raises the following issues for our review:

> WHETHER THE TRIAL COURT IMPOSED HARSH AND
> UNREASONABLE SENTENCES?

---

[1] 18 Pa.C.S.A. § 2701(a)(3).

---

*   Former Justice specially assigned to the Superior Court.

> WHETHER THE TRIAL COURT ERRED WHEN IT DID NOT IMPOSE CONCURRENT SENTENCES?
>
> WHETHER THE TRIAL COURT FAILED TO STATE ON THE RECORD ACKNOWLEDGEMENT OF THE SENTENCING GUIDELINES OR THE REASONS FOR THE SENTENCES IMPOSED AS REQUIRED?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael J. Barrasse, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed May 9, 2019, at 3-10) (finding: **(1-3)** Appellant arguably does not present substantial question, where court imposed sentences within guidelines, sentences otherwise conformed to sentencing norms, and were appropriate under facts and circumstances of case; moreover, Appellant's standard range sentence is not unduly harsh or excessive or result of bias on part of court; court had benefit of PSI report, which contained Appellant's relevant history and background, as well as particular circumstances of underlying offenses; court also considered Appellant's mental health issue, which he had neglected to address until charged with underlying offenses; in light of escalating violent nature of Appellant's behavior and his reckless use of firearm, less restrictive punishment would depreciate seriousness of Appellant's actions; court considered circumstances of offenses, impact on community, need to deter

Appellant and others from committing this type of offense, and protection of community; also, sentencing court had discretion to order consecutive sentences; in light of violent criminal conduct at issue, Appellant was not entitled to "volume discount" for his offenses). The record supports the trial court's rationale. Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY |
|---|---|---|
| v. | : | |
| CURTIS MAHNKE | : | 18 CR 740 |

## OPINION

### BARRASSE, P.J.

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure and pursuant to the request of the Superior Court. Appellant Curtis Mahnke (herein after "Appellant") appeals this Court's January 22, 2019, Judgement of Sentence. The Appellant's issues on appeal are as follows, *verbatim*:

1. Whether the court imposed harsh and unreasonable sentences?

2. Whether the court erred when it did not impose concurrent sentences?

3. Whether the court failed to state on the record acknowledgment of the sentencing guidelines or the reasons for the sentences imposed as required?

For the following reasons, including a review of the record, the facts and history of the case, and the negotiated plea agreement, this Court's January 22, 2019, Judgment of Sentence and February 7, 2019, Order denying the Appellant's Post-Sentence Motion should be affirmed.

### FACTUAL AND PROCEDURAL HISTORY

Under docket number 18 CR 740, the Appellant was charged with two (2) counts of Aggravated Assault in violation of 18 Pa. C.S.A. § 2702(a)(4), two (2) counts of Simple Assault in violation of 18 Pa. C.S.A. § 2701(a)(3), and two (2) counts of Recklessly Endangering Another Person in violation of 18 Pa. C.S.A. § 2705. These charges stemmed from a March 30, 2018 incident wherein two Pennsylvania State Troopers responded to a residence in Madison Township, Pennsylvania for a report of a male who placed a handgun to the head of a victim and

1

fired the gun right near the victim and his nine year old daughter. **Strelish & Cusumano, Affidavit of Probable Cause, April 4, 2018, at p. 1.** The male, later identified as the Appellant, currently dated, a female known as Antoinette Chu. **Id.** The victim, a former ex-boyfriend of Ms. Chu arrived at Ms. Chu's residence to drop off her belongings with his nine year old daughter at his side. **Id.** As he approached the home, the Appellant greeted the victim by pointing a pistol at his head, as well as screaming and cursing at him. **Id.** The Appellant proceeded to fire the pistol, and the bullet passed through the victim's shirt and jeans, barely missing him and his nine year old daughter. **Id.**

On October 29, 2018, the Appellant entered a guilty plea under 18 CR 740 to two (2) counts of Simple Assault in violation of 18 Pa. C.S.A. § 2701(a)(3). Prior to entering the guilty plea, the Appellant executed a lengthy written plea colloquy form in which he indicated that he was aware of the maximum penalty he was facing of seven (7) years confinement, the elements of the crimes charged, his satisfaction with counsel, and the terms of the plea agreement. **See Written Plea Colloquy, para. 5, 8, 13, 15, 16.** The Appellant's plea terms further acknowledged that the remaining charges would be nolle prossed and that he may receive consecutive sentences. **Id. at para. 13 & 15.** This Court also conducted an on the record inquiry to determine whether the Appellant was entering a knowing, voluntary, and intelligent plea. **See N.T. Guilty Plea, October 29, 2018, at p. 2-5.** The Appellant advised the Court that he was aware of the rights he forfeited and the penalties he faced by entering the guilty plea. **Id.** The Appellant also acknowledged that based upon his use of a pistol, he triggered a weapons sentencing enhancement. **Id. at 4.** The Appellant further stated satisfaction with counsel, and that no one threatened him or promised him anything in exchange for the plea. **Id. at 3-4.** The Appellant further admitted that he put the victim in fear of serious bodily injury by firing a nine millimeter

2

pistol at the victim while his nine year old daughter was standing directly next to him. **Id. at 3.** After receiving affirmative responses from the Appellant, this Court accepted the guilty plea, and deferred sentence pending the completion of a Presentence Investigation Report (Hereinafter PSI"). **Id. at 4.**

On January 22, 2019, under 18 CR 740, after review of the PSI and sentencing guidelines, as well as the facts and circumstances of the case, this Court sentenced the Appellant in the standard range to six (6) to eighteen (18) months of confinement for the Count 3 Simple Assault charge (weapons enhancement). Also under 18 CR 740, this Court sentenced the Appellant in the standard range to six (6) to twenty-four (24) months of confinement, followed by two (2) years of State Probation for the Count 4 Simple Assault charge. Count 3 and Count 4 are consecutive to one another. The total sentence is an aggregate term of twelve (12) to forty-two (42) months confinement, followed by two (2) years of State Probation.

Subsequently, on January 22, 2019, the Appellant filed a Motion for Reconsideration of Sentence, which this Court denied on February 7, 2019.

Thereafter, the Appellant filed a timely Notice of Appeal to the Pennsylvania Superior Court.

**DISCUSSION**

## A. THIS COURT PROPERLY SENTENCED THE APPELLANT

The Appellant's issues on appeal challenge whether the sentences imposed were harsh and unreasonable. For the following reasons, the standard range sentences imposed upon the Appellant were appropriate considering the Sentencing Guidelines and the facts and circumstances of the underlying case which are otherwise supported by the record.

3

Initially, this Court notes that no automatic right of appeal exists for a challenge to the discretionary aspects of sentencing. Rather, this type of appeal is more appropriately considered a petition for allowance of appeal. **Commonwealth v. Rossetti**, **863 A.2d 1185, 1193-1194 (Pa. Super. 2004) (citing Commonwealth v. Ritchey, 779 A.2d 1183, 1185 (Pa. Super. 2001) (citations omitted)).**

Before reaching the merits of a discretionary sentencing issue, a court must ascertain whether an appellant (i) filed a timely notice of appeal, (ii) properly preserved the issue to be heard on appeal, (iii) filed a brief free of fatal defects, and (iv) raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010), cert. denied, 609 Pa. 685.

A court evaluates whether a particular issue raises a substantial question on a case-by-case basis. **Commonwealth v. Rossetti**, 863 A.2d 1185, 1194 (Pa. Super. 2004). "[The court] will grant an appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa. Super. 1999) **(en banc).** The Pennsylvania Supreme Court has held that a claim regarding a sentence being excessive which is within the statutory limits can raise a substantial question, if the appellant "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Mouzon**, 812 A.2d 617, 627-28 (Pa. 2002). However, the Pennsylvania Superior Court

4

does not accept bald allegations of excessiveness. **Commonwealth v. Reynolds, 835 A.2d 720, 733 (Pa. Super. 2003).**

This Court believes that no substantial question exists with respect to the Appellant's sentences, as the sentences imposed were within the guidelines and otherwise conformed to sentencing norms and were appropriate under the facts and circumstances of the cases.

Even assuming the Appellant's sentences are appealable, this Court believes the sentences were appropriate and should be affirmed. The Appellant's complaints on appeal challenge discretionary aspects of sentencing and follow the same analysis.

It is well-established law that the sentencing function is a matter vested within the sound discretion of the sentencing court and will not be disturbed on appeal absent a manifest abuse of discretion. **See Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007).** "[A]n abuse of discretion is more than a mere error of judgment. … [A] sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** (quotations omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Id., quoting Grady v. Frito-Lay, Inc., 839 A.2d 1038, 1046 (2003).** The rationale offered by the Pennsylvania Supreme Court for this deferential standard is as follows:

> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and

5

judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

**Walls**, 926 A.2d at 961-62 (citations omitted). Furthermore, a sentence of confinement must be "consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victims and on the community, and the rehabilitative needs of the defendant." **42 Pa. C.S.A. § 9721(b)**. A sentencing court may determine an defendants's potential for rehabilitation by considering his demeanor, apparent remorse, manifestation of social conscience, and cooperation with law enforcement agents. **Commonwealth v. Begley, 780 A.2d 605, 644 (Pa. 2001); Commonwealth v. Constantine, 478 A.2d 39 (Pa. Super. 1984); Commonwealth v. Gallagher, 442 A.2d 820 (Pa. Super. 1982).** Moreover, facts regarding the nature and circumstances of the offense that are not necessarily elements of the convicted offense, are proper facts to consider in deciding to sentence in the mitigated range or the aggravated minimum range. **Commonwealth v. Chilquist, 548 A.2d 272 (Pa. Super. 1988). See also, Commonwealth v. Darden, 531 A.2d 1144, 1149 (Pa. Super. 1987)** ("... facts regarding the nature and circumstances of the offense, which are not necessary elements of the offense for which appellant has been convicted, are also proper factors to consider in deciding whether to sentence in the mitigated minimum range, the aggravated minimum range, or outside the guidelines."). Additionally, trial courts are permitted to use prior conviction history and other facts already included in the guidelines, if they supplement other extraneous sentencing information. **Commonwealth v. Simpson, 829 A.2d 334, 339 (Pa. Super. 2003).**

6

It is also important to note that the decision to impose concurrent or consecutive sentences rests within the discretion of the sentencing court. **Commonwealth v. Johnson, 961 A.2d 877, 880 (Pa. Super. 2008)** (citing **Commonwealth v. Lloyd, 878 A.2d 867, 873 (Pa. Super. 2005)**). See also, **Commonwealth v. Hoag, 665 A.2d 1212 (Pa. Super. 1995)**(stating an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently).

Further, if a presentence investigative report exists, Pennsylvania Courts shall presume that the sentencing court "was aware of relevant information concerning the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." **Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988)**. The **Devers** Court further articulated that "it would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." **Id**. See **Commonwealth v. Boyer, 856 A.2d 149 (Pa. Super. 2004); Commonwealth v. Burns, 765 A. 2d 1144 (Pa. Super. 2000)**.

Additionally, Pennsylvania appellate courts will not consider a sentence excessive where the sentencing court imposed a standard-range sentence with the benefit of a PSI. See **Commonwealth v. Moury, 992 A.2d 162, 171 (Pa. Super. 2010)**(holding that in those circumstances, appellate courts can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Pennsylvania law views a sentence within the standard range of the guidelines as appropriate under the Sentencing Code. See **Commonwealth v. Cruz-Centeno, 668 A.2d 536 (Pa. Super. 1995)**, appeal denied **676 A.2d 1195 (Pa. 1996)** (stating combination

7

of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable). Moreover, Pennsylvania appellate courts can only reverse a standard-range sentence if the sentence is clearly unreasonable when viewed in light of the four statutory factors outlined in **42 Pa. C.S. § 9781(d); Commonwealth v. Walls,** 926 A.2d 957, 963-964 (Pa. 2007); See also **Commonwealth v. Macias,** 968 A.2d 773 (Pa. Super. 2009). Section 9781(d) provides that when an appellate court reviews this type of question, the court has regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

**Walls, supra at 963.**

Here, the Appellant's standard range sentence is not unduly harsh or excessive or the result of bias on the part of this Court. The record contains sufficient reasons for the sentences imposed. In the present case, prior to sentencing, this Court had the benefit of a PSI from the Lackawanna County Adult Probation and Parole Department. In thoroughly reviewing the PSI, this Court became aware of the Appellant's relevant history and background, as well as the particular circumstances of the offenses committed, specifically, that the Appellant pointed and fired his pistol at the victim, with his nine year old daughter in close proximity. **N.T. Sentencing January 22, 2019, at p. 7.** The Court also considered the fact that the Appellant has a mental health issue, but has neglected to address it until these charges occurred. Considering the escalating violent nature of the Appellant's behavior, and his reckless use of a firearm, this Court determined a less

8

restrictive punishment would depreciate the seriousness of the Appellant's actions. This Court found particularly egregious that following no altercation, the Appellant possessed a pistol, started shooting in close proximity to a child, nearly seriously or fatally wounding the victim.

Therefore, in imposing the Appellant's sentences, this Court considered the circumstances of the offenses, the impact on the community, and the need to deter the Appellant and others from committing this type of offense, and the protection of the community at large. This Court found that a standard range sentence achieved all of the above cited statutory factors.

Lastly, this Court retains discretion to order consecutive sentences. **Commonwealth v. Pass, 914 A.2d 442 (Pa. Super. 2006).** In light of the violent criminal conduct at issue, the Appellant is not entitled to a "volume discount" for his offenses. At the time of sentencing, the victim stated: "they asked me to come and they asked me, you know, how this affected me [ . . . ] it has to do with what I've been through, what my daughter's been through because of this. And the way it's impacted my life [ . . . ] I just want to see that justice is served. And nothing like this can ever happen to anyone. **N.T. Sentencing January 22, 2019 at p 2-3.** In response, the Appellant minimized his actions, and lacked any acknowledgment of the severity of the offense. **Id. at 7.** He admitted to purchasing a pistol regarding the victim and stated: "I felt like I didn't have any other options." **Id. at 5, 7.** The Appellant also admitted an intention of shooting. **Id. at 7.** He stated: "The only thing I wanted to do was to get him to leave us alone. That's all I wanted." **Id.** This behavior shows that the Appellant is not suited for a probationary sentencing alternative. The Appellant recklessly and carelessly purchased and utilized a

9

deadly weapon for a potential interaction with the victim, failing to recognize the fatalities he could have caused. Additionally, the sentence imposed does not exceed the statutory maximum.

## CONCLUSION

Based upon the foregoing, this Court's January 22, 2019 Judgment of Sentence, and February 7, 2019 Order denying the Appellant's Post-Sentence Motion should be affirmed.

BY THE COURT:

_____,P.J.
Michael J. Barrasse

CC: Notice of the entry of the foregoing Opinion has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by mailing time-stamped copies to the following individuals:

Lisa Swift, Esq.
Donna DeVita, Esq.

11